IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BRENDA C. ROBERTS,** ) | |
| ) | |
| **Plaintiff/Judgment Creditor,** ) | |
| ) | |
| v. ) | |
| ) | No. 02-2333-CM |
| **PATRICK PRINTUP, JR.,** ) | |
| ) | |
| **Defendant/Judgment Debtor,** ) | |
| ) | |
| v. ) | |
| ) | |
| **SHELTER MUTUAL INSURANCE CO.,** ) | |
| ) | |
| **Garnishee.** ) | |
| ) | |

## MEMORANDUM AND ORDER

This case is before the court on three motions: Plaintiff's Motion to Exclude J. Eugene Balloun as Garnishee's Expert Witness (Doc. 78); Plaintiff's Motion to Exclude James E. O'Malley as Garnishee's Expert Witness (Doc. 80); and Garnishee's Motion to Strike Witness of Plaintiff/Judgment Creditor (Doc. 128). For the following reasons, the court denies all three motions.

**I. Plaintiff's Motion to Exclude J. Eugene Balloun as Garnishee's Expert Witness (Doc. 78)**

Plaintiff first asks the court to exclude J. Eugene Balloun as an expert witness. This case will be tried to the court. In a bench trial setting, it is appropriate for the court to allow the expert to testify, and later make determinations about the admissibility, weight, and credibility of the expert's testimony. *See Doctor John's, Inc. v. City of Sioux City*, No. C03-4121-MWB, 2007 WL 5788, at *4 (N.D. Iowa Jan. 2, 2007) (citations omitted); *New York v. Solvent Chem. Co.*, No. 83-CV-1401C,

2006 WL 2640647, at *2 (W.D.N.Y. Sept. 14, 2006) (citations omitted); *Ekotek Site POP Comm. v. Self*, 1 F. Supp. 2d 1282, 1296 n.5 (D. Utah 1998) (citation omitted). The court therefore denies plaintiff's motion without prejudice. The court will allow Mr. Balloun to testify at trial, but will, upon proper objection and after hearing all of the evidence, issue a ruling as to the testimony's admissibility.

**II.  Plaintiff's Motion to Exclude James E. O'Malley as Garnishee's Expert Witness (Doc. 80)**

Plaintiff next asks the court to exclude the testimony of James E. O'Malley because plaintiff has been denied access to deposition testimony that Mr. O'Malley gave in another, unrelated case (the "*Curtiss-Wright*" case). Garnishee contends that neither Mr. O'Malley nor garnishee has possession, custody, or control of the transcript at issue. Mr. O'Malley requested the transcript from the attorney in *Curtiss-Wright*, but the attorney refused to release a copy because the file was subject to a confidentiality order.

Rule 26(a)(2)(B) does not require disclosure of the testimony an expert gave in a prior case. *See All W. Pet Supply Co. v. Hill's Pet Prods. Div.*, 152 F.R.D. 634, 640 (D. Kan. 1993) ("The fact that the [] rule[] require[s] the expert to provide a list of other cases in which the expert witness has testified does not mean that the expert must produce copies of his reports and transcripts of his testimony."); *cf. In re Air Crash Disaster*, 720 F. Supp. 1442, 1444–45 (D. Colo. 1988) ("[T]he limited scope of a Rule 26(b)(4)(A) inquiry into the background and experience of an expert witness does not include the production of every deposition or trial transcript given by the expert in any litigation."); *Trunk v. Midwest Rubber & Supply Co.*, 175 F.R.D. 664, 665 (D. Colo. 1997) (holding that Rule 26 does not require an expert to produce reports from unrelated litigation). Rather, the rule requires disclosure of "a listing of any other cases in which the witness has testified as an expert at

-3-

trial or by deposition within the preceding four years." Garnishee made the required disclosure and represents that it does not have possession of the deposition transcript. The court cannot compel a party to produce documents that are not within his possession or control. *See Steil v. Humana Kansas City, Inc.*, 197 F.R.D. 445, 448 (D. Kan. 2000) (citation omitted). When a party lacks actual possession of documents, he "can be required to produce only those documents that he has 'legal right' to obtain on demand." *Am. Maplan Corp. v. Heilmayr*, 203 F.R.D. 499, 501–02 (D. Kan. 2001).

Plaintiff claims that Fed. R. Civ. P. 26(b)(3)(B) gives Mr. O'Malley a "legal right" to obtain his testimony from *Curtiss-Wright*, making such testimony discoverable in this case. At first glance, the plain language of the Rule appears to support plaintiff's argument—Rule 26(b)(3) provides in part that "a person not a party may obtain . . . a statement concerning the action or its subject matter previously made by that person." Plaintiff has not demonstrated to the court, however, that Rule 26 gives Mr. O'Malley a legal right to his testimony under the circumstances of this case.

The above-quoted provision of Rule 26(b)(3) appears to be based "on a general feeling that it is not fair to a witness to require him to testify without being allowed to see what he has said in a statement previously given." 8 Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, Federal Practice and Procedure § 2028; *Sims v. Lafayette Parish Sch. Bd.*, 140 F.R.D. 338, 339 (W.D. La. 1992) (citing advisory committee notes to Fed. R. Civ. P. 26(b)(3)). Under this rule, it is possible that if Mr. O'Malley sought his *Curtiss-Wright* testimony through the *Curtiss-Wright* court, he would be able to receive an order in *Curtiss-Wright* compelling production. Whether that possibility can become a legal reality, however, depends on the circumstances. The court cannot tell from the record before it whether such circumstances exist in *Curtiss-Wright* that would give Mr. O'Malley the legal right to obtain his previous statements. Under the facts before the court, plaintiff

has given the court no basis on which to find that Mr. O'Malley has a legal right to obtain his prior statements.

Plaintiff also requests transcripts from other cases in which Mr. O'Malley has testified. Garnishee represents that it does not object to any effort by plaintiff to obtain these transcripts, but that Mr. O'Malley does not recall providing testimony on the relevant subjects. This portion of plaintiff's motion is denied as moot.

Plaintiff has given the court no legal or equitable reason to strike Mr. O'Malley as an expert witness. The court denies plaintiff's motion to strike.

**III.  Garnishee's Motion to Strike Witness of Plaintiff/Judgment Creditor (Doc. 128)**

Garnishee asks the court to strike a recently-disclosed witness, Dee Sunderman, because plaintiff violated Rule 26 by not disclosing her earlier. Plaintiff represents that she was unable to identify Ms. Sunderman as a witness until January 2007. Even assuming that plaintiff's late disclosure violated Rule 26, the court finds that such violation is justified and harmless, using the following factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Woodworker's Supply, Inc. v. Principal Mutual Life Ins. Co.*, 170 F.3d 985, 994 (10th Cir. 1999).

First, garnishee will not be prejudiced; this matter is not scheduled for trial until October 2007. Moreover, plaintiff is not offering a new theory or changed tactics with respect to her claim. She merely identified previously undiscovered evidence to support her claim and potentially bolster her credibility. Second, any prejudice can be cured by taking the deposition of Ms. Sunderman and requesting any other discovery necessary. The alleged conversation between Ms. Sunderman and plaintiff occurred nearly six years ago. But any prejudice resulting from this extended time period is

not unique to garnishee. Plaintiff is prejudiced, as well. Third, trial will not be disrupted—it is over five months away. And finally, there is no evidence of bad faith or willful failure to disclose. The court is persuaded that plaintiff's discovery of Ms. Sunderman's existence and relevant testimony was by chance, and that if plaintiff could have identified her earlier, plaintiff would have done so.

For these reasons, the court finds in its discretion that Rule 37 sanctions in the form of striking Ms. Sunderman as a witness are not warranted. Garnishee's motion to strike is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Exclude J. Eugene Balloun as Garnishee's Expert Witness (Doc. 78) is denied without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Exclude James E. O'Malley as Garnishee's Expert Witness (Doc. 80) is denied.

**IT IS FURTHER ORDERED** that Garnishee's Motion to Strike Witness of Plaintiff/Judgment Creditor (Doc. 128) is denied.

Dated this 23rd day of April 2007, at Kansas City, Kansas.

                                      **s/ Carlos Murguia**

                                      **CARLOS MURGUIA**
                                      **United States District Judge**